## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                       **Case No. 06-20066-JWL**

**James A. McKeighan,**

      **Defendant.**

### <u>ORDER</u>

The matter now before the court is defendant's Motion for Recusal ("Motion") filed September 4, 2007, along with a Memorandum in Support and an Affidavit.  Although Mr. McKeighan, the defendant, has appointed counsel, he filed this Motion pro se, asking that the undersigned, United States District Judge John W. Lungstrum, recuse himself from Mr. McKeighan's case based upon 28 U.S.C. § 455(b)(1), which is referenced on page five of his Memorandum in Support accompanying his Motion.  On September 17, 2007, the court held a hearing on the Motion for scheduling purposes and set a deadline of September 28, 2007 for either Mr. McKeighan's counsel or the Government's counsel to make any filing to supplement or respond to defendant's pro se Motion.  Neither party made a filing.[1]  After considering Mr. McKeighan's request, the court holds that recusal is not appropriate, and therefore denies his

---

[1]Because the bulk of Mr. McKeighan's concerns arise out of ex parte hearings concerning the status of counsel, which the Government did not attend, it is not surprising that the Government did not file anything.  Transcripts of requested proceedings were furnished to Mr. McKeighan and his current counsel.  Current counsel did not participate in any of the hearings in question.

Motion.

The statute on which Mr. McKeighan bases his motion is section 455(b)(1), chapter 28, United States Code, which reads "[Any judge of the United States] shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[2]   Mr. McKeighan proceeds under the first prong, alleging bias or prejudice.  Under section 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *see also Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (reiterating the *Hinman* standard and explaining that recusal is necessary if there is an appearance of bias, regardless of whether there is actual bias).  Under this test, "factual allegations do not have to be taken as true. . . . Nor is the judge limited to those facts presented by the challenging party." *Hinman*, 831 F.2d at 939. "The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Bryce*, 289 F.3d at 659-60. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939.  Overall, the decision to recuse is committed to the sound discretion of the

---

[2]The Court acknowledges there is a related statute governing recusal of United States District Court judges, 28 U.S.C. § 144, but Mr. McKeighan did not invoke that statute anywhere in his motion, memorandum, or affidavit.  In any event, he did not accompany his motion and affidavit with "a certificate of counsel of record stating that it [was] made in good faith," so the Court would have denied a motion brought under that statute regardless.  28 U.S.C. § 144.

judge. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

The undersigned has no personal bias for or against any party to this action. The sole concern of this court is the evenhanded administration of justice, to ensure that the rights of all litigants are protected. But because appearance of bias or prejudice is as much at issue as bias or prejudice in fact, the undersigned has carefully reviewed the record of all proceedings in this case to determine whether a reasonable person would harbor doubts about impartiality. The conclusion is that a reasonable person would not.

The purported quotes attributed to the undersigned in Mr. McKeighan's filings find no support in the record. They are inaccurate. Moreover, they neither represent a fair paraphrase of the court's comments nor do they capture the tenor or import of the court's comments or actions. The undersigned believes that a reasonable person knowing all the facts, upon reviewing this record, would conclude that the court has treated Mr. McKeighan and his series of retained and appointed lawyers fairly and impartially with no basis to infer any hostility toward or prejudice against Mr. McKeighan or his counsel.

Mr. McKeighan has frequently expressed his frustration and displeasure with the handling of this case, perhaps rooted in the Government's actions concerning fees paid to retained out of state and local counsel and the court's indication of its intent to abide by D. Kan. Rule 83.5.4(c) concerning participation of a member of the bar of this court with an attorney admitted only pro hac vice, or perhaps rooted in his lack of agreement with or understanding of rulings by the court. Nothing which has occurred, however, should give pause to an objective observer concerning the undersigned's impartiality. Consequently, recognizing the obligation not to

recuse where there is no occasion to do so, despite Mr. McKeighan's apparent unhappiness with

the judge assigned to his case, discretion must be exercised to deny his Motion.


      **IT IS SO ORDERED** this 18th day of October, 2007.


                         s/ John W. Lungstrum
                         John W. Lungstrum
                         United States District Judge