**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 06-20066 |
| **JAMES A MCKEIGHAN,** | ) 10-2542 |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

Defendant James A. McKeighan was convicted following a jury trial of possession with intent to distribute both methamphetamine and marijuana, as well as two firearm offenses. He received a 293-month prison sentence. Mr. McKeighan has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 365). For the reasons discussed below, that motion is denied.

**1.    Background**

The indictment against Mr. McKeighan was filed in May 2006. That same month, attorney S.A. (Tim) Scimeca entered his appearance on behalf of Mr. McKeighan (doc. 12). One month later Mr. Scimeca filed a motion to withdraw (doc. 19), asserting that Mr. McKeighan had discharged him and intended to seek other counsel.

Shortly thereafter, Baltazar Salazar and Melanie Morgan (as local counsel) entered their appearances on Mr. McKeighan's behalf (docs. 17-18). The Government

expressed concern that Mr. McKeighan's attorneys might have had an actual conflict of interest because fees were being paid by a third party (doc. 29). Ms. Morgan then withdrew as local counsel (doc. 33). Mr. Salazar, unable to find local counsel to assist him, also withdrew (doc. 39).

The court appointed several different attorneys to represent Mr. McKeighan, some of whom were withdrawn given conflicts or disagreements with Mr. McKeighan. The court eventually appointed attorney Phillip Gibson, who represented Mr. McKeighan through trial and sentencing.

Mr. Gibson filed a timely notice of appeal (doc. 329), but he failed to file appellant's opening brief by the deadline. The Tenth Circuit eventually issued a show cause order (Case 08-3204, filing no. 9626304), to which Mr. Gibson responded, explaining his recent health problems and asking for additional time to file a brief that was "nearly finalized" (filing no. 9631905). Mr. McKeighan also responded to the court's show cause order by asking for a new attorney. (Filing no. 9631950.) In light of Mr. McKeighan's filing, Mr. Gibson then filed a motion to withdraw. (Filing no. 9632147.)

The Tenth Circuit denied Mr. McKeighan's motion for a new attorney, advising that Mr. McKeighan could proceed pro se or could opt to continue with Mr. Gibson's representation. (Filing no. 9632323.) The court also granted a 21-day extension of time to file the opening brief, with the warning that "[f]ailure to file a timely opening brief will result in dismissal of this appeal without further notice" (filing no. 9632323).

2

Mr. McKeighan responded to the court's order, asserting that he wished to continue with Mr. Gibson's representation, provided that certain conditions were met—that Mr. Gibson give Mr. McKeighan certain documents and that he "discharge[] the 'Role of Partisan Advocate' and do[] everything ethically proper to see that his client receives the most favorable outcome possible" (filing no. 9635616).

No opening brief was filed by the 21-day deadline, and so the Tenth Circuit procedurally terminated the appeal. (Filing no. 9639505.)

Mr. McKeighan filed a petition for a writ of certiorari, which was denied. He then filed this § 2255 action. After the Government's response (doc. 368), Mr. McKeighan filed a document entitled Amended Motion Under 28 U.S.C. § 2255 (doc. 372).

**2.    Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record,

3

inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**3.     Amended § 2255 Petition**

Before addressing Mr. McKeighan's arguments, the court must first determine the effect of the amended § 2255 petition (doc. 372) that Mr. McKeighan filed, asking that the court accept his new petition. A request to amend a § 2255 petition is governed by Federal Rule of Civil Procedure 15, just as a motion to amend a complaint. Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . . ."). "In the absence of any apparent or declared reason—such as undue delay, . . . futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given [when justice so requires].'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Mr. McKeighan's one-year limitation period to file a § 2255 petition has expired.[1] Under Rule 15, he may amend his petition to add claims after the statute of

---

[1] Since Mr. McKeighan directly appealed his conviction and filed a petition for a writ of certiorari, the judgment of conviction became final on October 5, 2009, the date on which the United States Supreme Court denied his cert petition. *Griffith v. Kentucky*,
(continued...)

limitations has expired, but those additional claims will not "relate back" if they did not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed petition. *Mayle v. Felix*, 545 U.S. 644, 654-64 (2005). Thus, "an untimely amendment to a § 2255 motion which . . . clarifies or amplifies a claim or theory in the [original motion] may relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Gilbert Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

Thus, for Mr. McKeighan, to the extent that his proposed amendments "relate back" to claims raised in his original § 2255 petition, this court will allow the amendment. Specifically, the following arguments in the amended petition (doc. 372) clarify or further explain claims raised in his timely § 2255 petition:

Ground One, Facts ¶ 5 (p. 3)
Ground Two (pp. 4-5)
Ground Four, Facts ¶ 1 (p. 6)
Ground Eleven (p. 11).

---

[1](...continued)
479 U.S. 314, 321 n.6 (1987) (noting that a final judgment is one in which "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). The one-year limitations period therefore ended on October 5, 2010, and the amended petition was not filed until January 4, 2011, the date on which Mr. McKeigan gave the amended petition to prison officials for mailing. *See Burger v. Scott*, 317 F.3d 1133, 1136 n.3 (10th Cir.2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)) (stating that a § 2255 petition is deemed filed on the date it is delivered to prison officials for mailing).

5

The remainder of the amended petition, however, sets forth new claims or theories of relief. As such, those arguments do not relate back to Mr. McKeighan's original petition and the request to add those claims is denied as untimely.

**4.    Discussion**

Mr. McKeighan raises five claims in his original § 2255 petition.

*A.    Ineffective Assistance of Counsel*

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy

6

the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. McKeighan contends that his attorney was ineffective for failing to timely file an appellate brief. Numerous courts have held that a criminal defendant who loses his right to appeal due to ineffective assistance of counsel is entitled to an appropriate remedy. *See Evitts v. Lucey*, 469 U.S. 387, 395-96 (1985) (first appeal as of right not adjudicated in accord with due process if appellant lacks effective assistance of counsel, whether retained or appointed); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991) (defendant is denied effective assistance of counsel if the lawyer he asks to perfect appeal fails to do so by failing to file brief, statement of appeal, or otherwise). If counsel initiates an appeal but then fails to timely file an opening brief, the defendant has been deprived of his right to effective counsel. *Johnson v. Champion*, 288 F.3d 1215, 1228

(10th Cir. 2002); *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir. 1990) (defendant's constitutional right to effective assistance of counsel was denied when his retained counsel failed to file timely appellate brief and hence failed to perfect appeal).

In response to Mr. McKeighan's claim, the Government posits that Mr. Gibson filed no brief because he found no meritorious issues to raise. The Government also maintains that Mr. McKeighan is not entitled to habeas relief because he failed to identify any issues that should have been raised on appeal and that would have been successful.

But, a criminal defendant who is deprived of his constitutional right to appeal because of the dereliction of counsel does not have to show that there are meritorious issues to be appealed in order to gain relief. *See Penson v. Ohio*, 488 U.S. 75 (1988); *Abels*, 913 F.2d at 823. Deficient attorney performance in failing to perfect an appeal is per se prejudicial. *Johnson*, 288 F.3d at 1228; *Abels*, 913 F.3d at 823.

According to the record before the court, it appears that Mr. Gibson may have been constitutionally ineffective, having failed to file a brief by the deadline, despite numerous reminders and extensions from the Tenth Circuit. Although Mr. McKeighan's response to the circuit court's order was conditional and therefore perhaps ambiguous as to his desire to retain Mr. Gibson, Mr. Gibson was still the counsel of record since the court had not granted his motion to withdraw. The onus, therefore, was likely on him to proceed with the appeal or clarify Mr. McKeighan's wishes.

Despite this finding, however, the court cannot grant Mr. McKeighan's § 2255

petition and order a new direct appeal. A § 2255 petition "is not the proper vehicle for the reinstatement of an appeal which has been dismissed by this court for failure to prosecute." *United States v. Winterhalder*, 724 F.2d 109, 111 (10th Cir. 1983). Instead the proper remedy "is by way of a motion directed to [the Tenth Circuit] asking for a recall of the mandate or certified judgment so that [the Tenth Circuit] may determine whether the appeal should be reinstated." *Id.*

Thus, this claim cannot serve as the basis for habeas relief. Instead, Mr. McKeighan would need to file a motion to reinstate his direct appeal, in accordance with Tenth Circuit Rule 42.2, by setting forth the reasons the dismissal of his appeal was improper.

*B.    Right to Counsel*

Mr. McKeighan asserts that the court and the Government violated his constitutional right to the retained attorney of his choice. He explains in his amended petition that the Government required attorney Mr. Scimeca to sign a contract limiting the discovery that he could give to Mr. McKeighan. According to Mr. McKeighan, this created a conflict of interest between them such that Mr. Scimeca was forced to withdraw. Additionally, Mr. McKeighan claims that the Government used "judicial influence" to deprive him of his choice of Mr. Salazar as his attorney.

In support of this claim, he cites *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), in which the Supreme Court reversed a conviction because the defendant's Sixth Amendment right to counsel of his choice was violated by the trial court's erroneous

9

disqualification of his chosen counsel. He also cites *United States v. D'Amore*, 56 F.3d 1202 (9th Cir. 1995), where the appellate court concluded that the trial court failed to conduct adequate inquiry prior to denying a late motion to substitute private for appointed counsel.

Neither of those cases support Mr. McKeighan's argument. Mr. Scimeca moved to withdraw because Mr. McKeighan discharged him as his attorney.[2] Mr. Salazar withdrew on his own initiative and was not excluded by the court. As such, the court finds no basis for Mr. McKeighan's right-to-chosen-counsel argument.

*C.     Government Misconduct*

Mr. McKeighan maintains that the Government "committed fraud upon the trial court," "denied defense counsel exculpatory evidence," "cause[d] a conflict of interest between defendant and defense counsel," and "coached witnesses[] to testify against [Mr. McKeighan] to bolster the government's evidence." In his amended petition, Mr. McKeighan adds that the Government "used perjured testimony" and discussed "privileged attorney/client conversations" with his appointed attorneys.

Mr. McKeighan does not, however, explain any of these allegations or provide

---

[2] Even if the reason for the discharge was the discovery agreement with the Government, such an agreement is not improper. "Courts often limit disclosure of sensitive documents to counsel and prohibit criminal defendants from removing or copying such materials." *United States v. Hall*, 2009 WL 641234, at *1 (D. Kan. Mar. 11, 2009); *see also, e.g., United States v. Butler*, 2000 WL 134697, at *2 (D. Kan. 2000) (Courts have upheld such agreements in order to protect the government's interest in preventing "the dissemination of discovery materials" to other persons also in pretrial incarceration).

10

any additional detail. He merely requests an evidentiary hearing to expand the record about these claims. But Mr. McKeighan is not entitled to a hearing where he offers to the court mere conclusory statements. *Arredondo*, 178 F.3d at 782. Without more details or explanation, the court will not order a hearing based on Mr. McKeighan's entirely unsupported allegation of Government misconduct.

### D. *Notice of Elements*

Mr. McKeighan suggests that he was denied his constitutional right to actual notice of the elements of Count I because the indictment did not identify "the element of Actual (Ice) Methamphetamine, that caused defendant to receive a 292 month federal sentence," and so "the rule of lenity should apply and this federal sentence reduced to 120 months."

"The rule of lenity instructs courts to interpret ambiguous punitive statutes in favor of the accused." *United States v. Serawop*, 505 F.3d 1112, 1121 (10th Cir. 2007) (citation omitted). Section 841 of Title 21, the statute on which Count I was based, is not ambiguous enough to activate the rule of lenity. *United States v. Killion*, 7 F.3d 927, 935-36 (10th Cir. 1993); *see also United States v. Blake*, 116 F.3d 1202, 1202-03 (1997); *United States v. Frazier*, 28 F.3d 99, 101 (11th Cir.1994); *United States v. Alfeche*, 942 F.2d 697, 699 (9th Cir.1991); *United States v. Stoner*, 927 F.2d 45, 47 (1st Cir.1991).

Moreover, contrary to Mr. McKeighan's argument, the indictment does specifically reference methamphetamine. It charges him with "knowingly and intentionally possess[ing] with intent to distribute five grams or more of

11

methamphetamine." Thus, this ground cannot serve as the basis for habeas relief.

### E. *Improper Forfeiture*

Mr. McKeighan argues that his assets were improperly frozen based upon a forfeiture charge (Count V) that was later dismissed. This forfeiture caused Mr. McKeighan to not have sufficient funds to hire a more qualified attorney. In support of this claim, Mr. McKeighan again cites to *Gonzalez-Lopez*, which does not address anything about forfeitures based on counts that are later dismissed.

Moreover, all counts in the indictment included a forfeiture allegation. The Government did not, however, freeze Mr. McKeighan's assets, and it did not file a motion for forfeiture until January 2008, after the jury's verdict.

Mr. McKeighan lacks legal support for this argument, and the factual record contradicts his claims. Thus, he is not entitled to habeas relief based on this ground.

## 4. **Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate

---

[3] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the reasons stated above, Mr. McKeighan has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 365) and his amended motion under 28 U.S.C. § 2255 (doc. 372) are denied.

**IT IS SO ORDERED** this 18th day of January, 2011.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge