IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.                Case No. 06-20066-01-JWL

**James A. McKeighan,**

  **Defendant.**

## MEMORANDUM & ORDER

In December 2007, a jury convicted James A. McKeighan of possession with intent to distribute methamphetamine and marijuana as well as two firearm offenses. The court ultimately determined that Mr. McKeighan's total offense level was 36 and assigned a criminal history category of III. The resulting guideline range for imprisonment was 235 to 293 months. The court sentenced Mr. McKeighan to a sentence of 293 months, the high end of the range.

This matter is before the court on Mr. McKeighan's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. McKeighan's total offense level is 34. With a criminal history category of III, his amended guideline range is 188 months to 235 months imprisonment. In his motion for reduction, Mr. McKeighan requests that the court resentence him to 188 months imprisonment, the low end of the range. In response, the government concedes that Mr. McKeighan is eligible for a reduction (and the parties agree as to the amended range) but contends that a reduction is

not warranted in light of the court's expressed belief at Mr. McKeighan's sentencing that Mr. McKeighan is an "extremely serious threat to continue to commit criminal conduct as long as he is at liberty." In his reply brief, Mr. McKeighan asserts that he "does not object" to the court resentencing him at the high end of the range.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. McKeighan to the high-end of the amended range as it did in connection with Mr. McKeighan's original sentence. There is nothing in the record to suggest that a greater reduction is warranted and, for the reasons set forth in detail by the court at Mr. McKeighan's initial sentencing, a sentence at the high end of the new range remains appropriate. In granting a reduction to the high end of the amended range, the court rejects the government's argument that

no reduction whatsoever is warranted in light of the seriousness of Mr. McKeighan's crime, his demonstrated disrespect for the law, his lack of remorse, and his "somewhat understated" criminal history category. While the court mentioned each of these things at Mr. McKeighan's sentencing, it did so to support the court's conclusion that a "harsh sentence" at the high-end of the range was appropriate. The court expressly stated that it did not believe that the PSR should have attributed to Mr. McKeighan a higher quantity of drugs or that the total offense level was incorrectly calculated. Rather, the court simply explained that the nature and circumstances of Mr. McKeighan's crime, coupled with Mr. McKeighan's history and characteristics, supported a high-end sentence. But those factors do not suggest that Mr. McKeighan, who is otherwise eligible for a reduction, should be denied a reduction. This is particularly true because the court, in resentencing eligible defendants under Amendment 782, endeavors to determine what sentence a particular defendant should have received had the revised Drug Quantity Table been in effect at that time. To be sure, had the revised Drug Quantity Table been in effect at the time of Mr. McKeighan's sentencing, the court would have sentenced him to 235 months.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKeighan's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 413) is **granted as described herein** and Mr. McKeighan's sentence is **reduced from 293 months to 235 months imprisonment**. All other provisions of the judgment dated July 24, 2008 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

.