### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                     Case No. 06-20066-01-JWL

James A. McKeighan,

        Defendant.

### MEMORANDUM AND ORDER

In 2007, a jury convicted defendant of four counts related to his possession of marijuana, methamphetamine, and firearms. He was sentenced to a controlling term of imprisonment of 293 months followed by 8 years of supervised release.  The Tenth Circuit affirmed defendant's convictions and sentence on direct appeal. *United States v. McKeighan,* 685 F.3d 956 (10th Cir. 2012).  In 2015, the court reduced defendant's sentence to 235 months pursuant to Amendment 782.  The term of supervised release remained unchanged.

Defendant was released from custody in January 2022.  He has now filed a pro se motion for early termination of supervised release (doc. 421).  Both the government and the probation office oppose the motion.  As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); United States v. Begay, 631 F.3d 1168, 1171–72 (10th Cir. 2011).  In support of his

motion, defendant asserts that he is eligible for early termination and that early termination is particularly warranted in light of his serious health condition and the need for various appointments and physical therapy sessions. As highlighted by the government, however, one of the standard conditions of supervision in defendant's judgment was a requirement that defendant "work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons." While defendant contends in his motion that the probation office suggested that defendant's serious health condition and physical therapy excused him from employment, both the government and defendant's probation officer assert that defendant has not been excused from regular work. According to the probation office, then, defendant is not presently in compliance with all conditions of supervision, rendering defendant ineligible for early termination. While defendant urges in reply that his probation officer is aware of his health condition, that argument misses the point of whether the probation officer has excused him from regular work as required by the judgment in this case. Moreover, defendant's own motion reflects that there may be work that defendant is fully capable of performing despite his health issues. According to defendant, he performs significant chores at his mother's house, including cleaning, repair work, and lawn care; he performs yard work for the elderly neighbor of his mother; and he is the primary childcare provider for his infant niece.

It is significant to the court that the probation office opposes the termination of defendant's supervision because that office is the most familiar with defendant's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. This is particularly true with respect to the circumstances surrounding defendant's non-compliance with the conditions of his supervised release and whether, in fact, defendant

should be excused from regular work.   Thus, the court is not persuaded that defendant's circumstances warrant early termination of his supervision. The court encourages defendant to communicate fully with his supervising probation officer so that she may adequately assess his ability to work regularly at a lawful occupation.   Defendant may file another motion in the future if additional circumstances warrant a re-examination of the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for early termination of supervised release (doc. 421) is denied.

**IS SO ORDERED.**

Dated this 13th day of February, 2024, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge